```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

ROBERT E. GRAHAM

       Plaintiff,

v.                         CIVIL ACTION NO. 1:10-00453

NATIONAL UNION INSURANCE CO.
OF PITTSBURGH, PA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's pro se filing styled "Defendant's Motion Requesting Recusal of David Faber, Senior District Judge." (Doc. No. 67). When a plaintiff files pro se, the court sometimes "ignore[s] the legal label that a pro se litigant attaches to a motion [. . .] in order to place it within a different legal category."[1] Castro v. United States, 540 U.S. 375, 381 (2003). Here, the court need not go so far as to place plaintiff's filing in a different legal category, but the court will construe the filing as Plaintiff's Motion to Recuse, not Defendant's. See Doc. No. 67.

---

[1] See Castro v. United States, 540 U.S. 375, 381-82 (2003)(noting that federal courts occasionally re-characterize pro se filings "in order to avoid an unnecessary dismissal [. . .] to avoid inappropriately stringent application of formal labeling requirements [. . .] or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.")(internal citations omitted).

Separately, plaintiff cites no legal standard or basis for recusal. Nonetheless, the court will evaluate plaintiff's recusal motion under the appropriate standards.

Under 28 U.S.C. § 455, recusal is appropriate "if a person with knowledge of the relevant facts might reasonably question [a judge's] impartiality." United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008). Moreover, the Fourth Circuit, quoting Supreme Court precedent, noted that

> an extrajudicial source of bias is neither sufficient nor necessary for recusal: it is insufficient because some opinions acquired outside the context of judicial proceedings ... will not suffice, and it is not always necessary because predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.

Belue v. Leventhal, 640 F.3d 567, 573 (4th Cir. 2011)(quoting Liteky v. United States, 510 U.S. 540, 554 (1994))(internal quotations omitted). The Fourth Circuit in Belue went further, reciting the high bar the Supreme Court had set in Liteky for recusal based on in-trial predispositions:

> the Supreme Court in Liteky made clear that parties would have to meet a high bar to achieve recusal based on in-trial predispositions [. . .] judicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion [. . .] Likewise, judicial remarks that are critical or disapproving of, or even hostile to,

2

>counsel, the parties, or their cases, <u>ordinarily do not support</u> a bias or partiality challenge.

<u>Id.</u> (quoting <u>Liteky</u>, 510 U.S. at 555)(internal quotations omitted)(emphasis added).

Moreover, a judge need not recuse himself because of "unsupported, irrational, or highly tenuous speculation." <u>United States, v. DeTemple</u>, 162 F.3d 279, 287 (4th Cir. 1998). According to <u>Liteky</u>, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky</u>, 510 U.S. at 555. On appeal, recusal decisions are reviewed under an abuse of discretion standard. <u>United States v. Whorley</u>, 550 F.3d 326, 339 (4th Cir. 2008).

Accordingly, recusal is not warranted.[2]  Nothing in the record would cause a person, with knowledge of the relevant facts, reasonably to question the impartiality of this Judge.

---

[2] Nor is recusal pursuant to 28 U.S.C. § 144 appropriate. Under 28 U.S.C. § 144, a judge shall recuse himself in cases in which the party seeking recusal files a timely and sufficient affidavit stating the judge has a personal bias or prejudice against either the affiant or in favor of any adverse party. The affidavit must allege a personal bias from an extrajudicial source.  See <u>Sine v. Local No. 992 Int'l Brotherhood of Teamsters</u>, 882 F.2d 913, 914 (4th Cir. 1989).

In this case, Graham has neither filed the required affidavit nor alleged facts that demonstrate this Judge has any personal bias based on an extrajudicial source.

Based on the foregoing, plaintiff's motion is **DENIED**. (Doc. No. 67). The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Mr. Graham, who filed this motion pro se.

**IT IS SO ORDERED** this 14th day of March, 2013.

ENTER:

David A. Faber
Senior United States District Judge