```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       IN BLUEFIELD
```

ROBERT E. GRAHAM,

    Plaintiff,

v.                                  Civil Action No. 1:10-00453

NATIONAL UNION INSURANCE CO.
OF PITTSBURGH, PA,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

On March 29, 2013, Plaintiff filed a motion to reconsider, or in the alternative, to certify questions to the West Virginia Supreme Court of Appeals. Doc. No. 73. For the following reasons, Plaintiff's motion is **DENIED**.

<u>Discussion</u>

As an initial matter, the Federal Rules of Civil Procedure do not recognize a "motion to reconsider" per se. Nevertheless, Plaintiff cites both Rule 59 and Rule 60 as the bases for its filing styled "motion to reconsider."

<u>I. Rule 59(e) "Motion to Alter or Amend a Judgment"</u>

Regarding Rule 59's relevance to this case, Plaintiff may at a maximum avail himself of Rule 59(e), a Motion to Alter or Amend a Judgment. However, it is well recognized that Rule 59(e) may not be used to re-litigate old matters or raise arguments or present evidence that could have been raised before

judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n. 5 (2008). Rather, the Fourth Circuit has clearly identified three circumstances under which a district court may alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Additionally, the Fourth Circuit has allowed some flexibility to district courts within the parameters of the three circumstances for granting a Rule 59(e) motion. Namely, Rule 59(e) allows a district court "to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Woltz v. Scarantino, 5:10-CV-00095 (S.D.W. Va. Mar. 13, 2012)(citing Pacific Ins. Co., 148 F.3d at 403).

The only circumstance from Pacific Ins. Co. that could fairly apply to Plaintiff's prayer for relief under Rule 59(e) is the third, namely altering or amending the judgment to correct a clear error of law or prevent manifest injustice. After considering the instant motion, it is clear Plaintiff simply disagrees with the court's ruling. Plaintiff makes this clear by excerpting arguments from his briefs regarding summary judgment. See generally Doc. No. 74, at 6, 8, 10-11. The court simply cannot find that failing to grant the Rule 59(e) motion

2

would result in manifest injustice to the Plaintiff.  As a reminder of the Fourth Circuit's pronouncement of the policy behind Rule 59(e), it should be noted that granting such motion "is an extraordinary remedy which should be used sparingly." <u>Bailes v. Erie Ins. Prop. & Cas. Co.</u>, 3:09-CV-00146 (S.D.W. Va. Feb. 9, 2010)(citing <u>Pacific Ins. Co.</u>, 148 F.3d at 403). Plaintiff presents no extraordinary need or circumstance to justify such an extraordinary remedy.

Accordingly, Plaintiff's Rule 59(e) motion is **DENIED**.

## II. Rule 60 Motion for Relief from a Judgment or Order

Plaintiff does not specify whether he seeks relief under Rule 60(a) or Rule 60(b).  Nevertheless, as with relief under Rule 59(e), relief under Rule 60 is not available for mere disagreement with the court's decision.  <u>See</u> <u>Shelton v. Hayes</u>, 197 F. App'x 469, 470 (7th Cir. 2006); <u>cf.</u> <u>Broadway v. Norris</u>, 193 F.3d 987, 989-90 (8th Cir. 1999)("In their 'motion for reconsideration,' defendants did nothing more than re-argue, somewhat more fully, the merits of their claim [. . .] This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple re-argument on the merits.").

When "a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not

3

authorized by Rule 60(b)."  CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995)(internal quotations omitted).  Plaintiff's motion clearly falls within this category, thus making unwarranted the relief contemplated by Rule 60.

Accordingly, Plaintiff's Rule 60 motion is **DENIED**.

III. Plaintiff's Suggestion to Certify the Question to the West Virginia Supreme Court of Appeals

Ordinarily, a court will order certification of a state law question on its own motion because the court is "in the best position to determine whether it feels confident in its own reading of the state law."  17A Fed. Prac. & Proc. Juris. § 4248 (3d ed.); cf. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974)(holding that the decision whether to certify a state law issue to a state's highest court is within "the sound discretion of the federal court.").  However, nothing absolutely bars a party from suggesting certification, although suggesting certification late in a proceeding weakens such a suggestion.  Id.; see also Boyd Rosene & Associates v. Kansas Mun. Gas Agency, 178 F.3d 1363, 1364 (10th Cir. 1999)(noting that, with only a few exceptions from the Fifth Circuit, parties request certification before a court issues an opinion); Perkins v. Clark Equipment Co., 823 F.2d 207, 210 (8th Cir. 1987)(noting that once a question is submitted for decision in a federal

4

district court, only limited circumstances justify certification after a case has been decided).

Because of the court's confidence in its reading of West Virginia law as it applies to this case and because Plaintiff waited until after the court disposed of Plaintiff's Motion for Summary Judgment to request certification, the court accordingly declines to submit any of Plaintiff's proposed state law questions to the West Virginia Supreme Court of Appeals.

## Conclusion

Construing Plaintiff's "motion to reconsider" under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure yields the same result—relief is not warranted. Accordingly, Plaintiff's instant motion is **DENIED**. Doc. No. 73.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 19th day of April, 2013.

**ENTER:**

David A. Faber
Senior United States District Judge

5