```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT BLUEFIELD
```

ROBERT E. GRAHAM

    Plaintiff,

v.                                    Civil Action No. 1:10-00453

NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURG, PA,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for jury trial (Doc. No. 92). For the reasons that follow, the court grants the motion.

### I. Background

The facts and procedural history of this case are detailed in the latest opinion of the Fourth Circuit Court of Appeals in this case. Graham v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 556 F. App'x 193, 194-95 (4th Cir. 2014). There, the Fourth Circuit affirmed this court's decision concerning the award of prejudgment interest, and reversed this court's decision regarding plaintiff's claim for consequential damages for aggravation and inconvenience. Id. at 199. Specifically, the court remanded the case to "afford Graham the opportunity to develop and present his evidence of aggravation and

1

inconvenience in connection with the breach already established." Id. at 198.

Upon remand, this court held a status conference on April 16, 2014 in order to address scheduling matters and assess whether any additional discovery would be required. Following the status conference, a review of the record in this matter revealed that neither party ever properly made a demand for a jury trial. The parties were informed of the absence of such a demand, and on May 2, 2014, plaintiff filed the instant motion requesting a jury trial. Defendant opposes the request and filed a response to that effect. Doc. No. 93.

II. **Analysis**

Under Federal Rule of Civil Procedure 38(b) and (d), a party waives a right to a jury trial by failing to make a written demand for one "no later than 14 days after the last pleading directed to the issue is served." When a case is removed from state court, as this case was in 2010, Rule 81 governs the applicability of the federal rules. Specifically, with respect to a demand for a jury trial, the Rule provides that

> A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.

2

Fed. R. Civ. P. 81(c)(3)(A). A look at the West Virginia Rules of Civil Procedure reveals that the state rule governing demands for jury trials is virtually identical to the federal rule, requiring a party to demand a jury trial or waive that right. See W. Va. R. Civ. P. 38 (providing that failure to file a demand within fourteen days of the most recent proceeding directed to the issue "constitutes a waiver by the party of trial by jury."). The bottom line of these provisions is that plaintiff has waived his right to a jury trial by failing to properly demand one.

Rule 39(b), the rule under which plaintiff moves, provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But, the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). When exercising this discretion, the court is to weigh the following factors:

> "(1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex) . . . (2) any prejudice that granting a jury trial would cause the opposing party . . . (3) the timing of the motion (early or late in the proceedings) . . . (4) any effect a jury trial would have on the court's docket and the orderly administration of justice . . . ."

<u>Wallace v. Nationwide Ins. Co.</u>, 94 F.R.D. 563, 565 (S.D.W. Va. 1982)(Haden, J.)(quoting <u>Malbon v. Pennsylvania Millers Mut. Ins. Co.</u>, 636 F.2d 936, 940 n. 11 (4th Cir. 1980).

A weighing of these factors in the present case supports plaintiff's motion for a jury trial. Three of the four factors favor permitting a jury trial. First, the sole remaining issue in this case – plaintiff's entitlement to damages for aggravation and inconvenience – is more appropriate for determination by a jury. As conceded by defendant, "annoyance and inconvenience in a bad faith action are regularly determined by a jury in run-of-the mill cases." Doc. No. 93 at 5. Defendants' contention that this case presents "unique circumstances" is not availing. The remaining issue in this case is factual in nature – the amount of damages plaintiff is entitled to for aggravation and inconvenience. This determination will not be particularly complex. Assessing the amount of damages is within the traditional purview of a jury, and nothing about this case renders this function inappropriate.

Second, defendant will not be prejudiced by the granting of a jury trial. Defendants only argument that it will be prejudiced is that plaintiff would likely present "extraneous information" to a jury. Doc. No. 93 at 7. This is not the type of prejudice contemplated by the second factor. To the extent defendant feels that certain evidence is irrelevant or otherwise

should not be admitted, such concerns are appropriately addressed by the rules of evidence. The trial is scheduled for September 17, 2014.[1] Defendant has sufficient time to prepare for a jury trial. Again, to the extent defendant believes this is not sufficient time, there are other avenues to address that concern such as a motion for a continuance. The lack of prejudice supports granting a jury trial.

Third, a jury trial will not negatively affect the court's docket and the orderly administration of justice. Defendant contends that a jury trial will "take at least twice as long" as a bench trial. Doc. No. 93 at 8. A similar argument was made and rejected in Wallace. This court concurs with the statement that "while a jury trial can require more 'in courtroom time' than a bench trial, the latter clearly places a greater burden on this court's limited time and resources than does the former." Wallace, 94 F.R.D. at 566. A jury trial will not have a negative effect on this court's docket. In fact, the opposite is likely true. As such, this factor supports a jury trial.

The only factor which weighs against a jury trial is the timing of the motion. This action was filed on March 3, 2010, and plaintiff did not seek a jury trial until May 2, 2014. So,

---

[1] At the status conference held on April 16th, the court set the trial for September 9th. However, for reasons appearing to the court, the trial date has been changed to September 17, 2014. This new trial date is reflected in an Amended Scheduling Order to be entered forthwith.

to be sure, plaintiff has made this request late in the proceedings. However, in the absence of prejudice, this factor is less critical. In Wallace, the court stated

> Though this factor weighs heavily against Plaintiff who did not request a jury trial until nearly two years after the commencement of this action, this Court cannot conclude that Plaintiff's delay requires the denial of his motion. This is especially true where, as is the case here, Defendant has ample time to prepare for a jury trial on the scheduled trial date.

94 F.R.D. at 566. The late filing of this motion, while weighing against a jury trial, does not overcome the other factors discussed above.

### III. Conclusion

For the reasons expressed above, plaintiff's motion for jury trial (Doc. No. 92) is GRANTED. The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 17th day of July, 2014.

Enter:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

6